UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:  JEFFERY WATSON POTTER,                              No. 11-05-14071 MS

      Debtor.

_____

EL LLANO CO, INC., a New Mexico corporation;
SANTA FE BUSINESS PARK, LLC, a New Mexico
limited liability company; SUMMIT FLOORMART,
LLC, a New Mexico limited liability company, and
RICHARD P. COOK,

      Plaintiffs/Counter-Defendants,                  Adversary No. 06-1138 M

v.

SUMMIT INVESTMENT CO., LLC, a New Mexico
limited liability company; SUMMIT VALDES
BUSINESS PARK, LLC, a New Mexico limited
liability company; and JEFFERY POTTER,

      Defendants/Counter-Plaintiffs,

v.

LEGAL DEFENSE AND MAINTENANCE TRUST OF
CALIFORNIA and MARIANNA DANILOVIC,

      Defendants,

and

SUMMIT VALDES and JEFFERY POTTER,

      Third-Party Plaintiffs,

v.

SARCO, INC.,

      Third-Party Defendant.

1

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Richard P. Cook's Motion to Remand or Abstain, and to Lift Automatic Stay ("Motion to Remand or Abstain")[1]. Martin S. Friedlander, successor Trustee of the Legal Defense and Maintenance Trust of California ("California Trust"), filed an objection to the Motion, Richard P. Cook, by and through his attorneys of record, filed a reply, and the Court held a final hearing on the Motion to Remand or Abstain on August 9, 2006 after which the Court took the matter under advisement. Upon review of the record of this proceeding, and being otherwise sufficiently informed, the Court finds that remand is appropriate.

FACTS THAT ARE NOT IN DISPUTE

Based on the Motion, the objection thereto, the documents filed in this adversary proceeding, the statements and schedules filed in Jeffery Potter's bankruptcy proceeding, and the record of adversary proceeding number 05-1151 M, the following facts are not disputed:

1. El Llano Company, Inc. is a New Mexico corporation. Motion, ¶ 2.; Complaint for Dissolution of Limited Liability Company, Accounting, Appointment of a Receiver, Derivative Claims, Imposition of a Constructive Trust, Damages for Violation of the New Mexico Real Estate Act, Breach of Fiduciary Duty, Violation of the Unfair Practices Act, and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Complaint") ¶ 2, attached as Exhibit A to Request for Judicial Notice in Support of Motion of Trustee, the Owner of the Claims and Assets of Summit Valdes Business Park, LLC, which in Turn is the Managing Member of Santa Fe

---

[1] An order denying that portion of the Motion to Remand or Abstain which sought to lift the automatic stay was entered on August 10, 2006 (Docket # 35).

Business Park, LLC, and Summit FloorMart LLC to Dismiss First Amended Complaint as to Plaintiffs, Santa Fe Business Park, LLC, Summit FloorMart, LLC, and Richard P. Cook, Pursuant to Rule 12(b) of the FRCP ("Motion to Dismiss").

2. Summit Valdes Business Park, LLC ("Summit Valdes"), is a New Mexico limited liability company. Summit Investment Company, LLC is a New Mexico limited liability company and is the managing member of Summit Valdes. Jeffery Potter is the managing member of Summit Investment Company, LLC. (*See* Schedule B - listing Jeffery Potter with 100% ownership interest in Summit Investment Company, LLC).

3. Summit FloorMart, LLC ("FloorMart") is a New Mexico limited liability company. Its members consist of El Llano Company, Inc. and Summit Valdes, LLC. Summit Valdes is the managing member of Summit FloorMart, LLC.

4. Santa Fe Business Park, LLC ("Santa Fe Business Park") is a New Mexico limited liability company. Its members consist of El Llano Company, Inc. and Summit Valdes. Summit Valdes is the managing member.

5. In February 2003, Richard P. Cook (Cook), El Llano Company, Inc., Summit FloorMart, LLC, and Santa Fe Business Park, LLC filed a lawsuit against Summit Investment Co., LLC, Summit Valdes Business Park, LLC, and Jeffery Potter in the First Judicial District Court, County of Rio Arriba, State of New Mexico as case No. D-117CV-2003-00057 ("State Court Action").

6. The Complaint filed in the State Court Action seeks, among other things, dissolution of the limited liability companies, an accounting, the appointment of a receiver, and damages.

7. As part of the State Court Action, a receiver was appointed. The receiver appointed in

the State Court Action liquidated certain assets, and is now holding approximately $400,000.00. court.  (See Motion, p. 3, ¶ 5; Trustee's Objection to Cook's Request to Remand or Abstain and to Lift Automatic Stay, ¶ 2, acknowledging that the receiver appointed in the State Court Action is holding approximately $400,000.00).

8.  In August of 2003, the California Trust was formed.  (*See* Complaint to Avoid Transfers Pursuant to 11 U.S.C. § 544 and for Turnover ("Complaint to Avoid Transfers to Trust"), ¶ 3. filed in Adversary Proceeding No. 05-1151 M; Schedule B - identifying the California Trust).  Jeffery Potter, Summit Investment Company, LLC, and Summit Valdes are the settlors of the California Trust. (*See* Complaint to Avoid Transfers to Trust, ¶ 4).   The California Trust was funded with several assets, including the following:   1) all of Summit Valdes's right title and interest in FloorMart; 2) all of Summit Valdes's right title and interest in Santa Fe Business Park; 3) all of Summit Investment Company, LLC's assets, real or personal, wherever located; and 4) all of Jeffery Potter's assets, real or personal, wherever located.  (*See* Complaint to Avoid Transfers to Trust, ¶ 4(a) - (g); Schedule B - reciting that the California Trust purports to hold all of Debtor's real and personal property).

9.  The California Trust was added as a Defendant to the State Court Action.

10.   Summit Valdes and Jeffery Potter filed counterclaims as part of the State Court Action.

11.  On April 19, 2005, the state court entered an order which dismissed the First Amended Counterclaim filed in the State Court Action with prejudice as a discovery sanction and certified that decision for interlocutory appeal.  *See* Order on Plaintiffs' Renewed Expedited Motion for Rule 1-037 Sanctions ("State Court Dismissal Order"), attached as Exhibit A to the

4

Motion.

12. No notice of appeal of the State Court Dismissal Order has been filed.

13. Jeffery Potter filed a voluntary petition under Chapter 11 of the bankruptcy code on May 19, 2005.

14. Bankruptcy counsel for Jeffery Potter was permitted to withdraw as counsel of record on May 22, 2006. (*See* Case No. 11-05-14071 MS - Docket # 190).

15. Jeffery Potter filed a Notice of Removal of the State Court Action on June 5, 2006.

16. The entire record of the State Court Action has not been filed as part of this adversary proceeding as contemplated by Rule 9027(e)(2), Fed.R.Bankr.P.

17. The Motion to Remand or Abstain was filed June 30, 2006. (*See* Docket # 18).

18. Cook does not consent to the entry of final judgments. (*See* Adversary Proceeding No. 06-1138 - Docket #3).

19. The Complaint to Avoid Transfers to Trust was voluntarily dismissed with prejudice by Jeffery Potter, *pro se,* on May 22, 2006. (*See* Adversary Proceeding No. 05-1151, Docket # 28).

## DISCUSSION

Remand of claims related to bankruptcy cases is governed by 28 U.S.C. § 1452(b), which provides, in relevant part:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.
> 28 U.S.C. § 1452(b).

Cook first asserts that the Court should remand the case because the Notice of Removal was untimely. "[F]ailure to remove in a timely fashion is an 'equitable ground' for remand under

5

section 1452(b)[.]" 1 Collier on Bankruptcy ¶ 3.07[6][a] (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006). Rule 9027, Fed.R.Bankr.P. governs the procedure for filing a notice of removal. Because the State Court Action was initiated prior to the date Jeffery Potter filed his voluntary petition, Rule 9027(a)(2), Fed.R.Bankr.P. applies. It provides, in relevant part:

> (2) *Time for filing; civil action initiated before the commencement of the case under the Code.* If a claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or © 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.
>
> Rule 9027(a)(2), Fed.R.Bankr.P.

Pursuant to 11 U.S.C. § 301, "[the commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. § 301. Jeffery Potter filed his Notice of Removal on June 5, 2006, more than one year after the commencement of his bankruptcy proceeding and the order for relief. Thus, the Notice of Removal was not timely under the requirements of Rule 9027(a)(2)(A). However, because Jeffery Potter is a named defendant in the State Court Action, the automatic stay imposed by 11 U.S.C. § 362 operated to stay the State Court Action upon the commencement of Jeffery Potter's bankruptcy proceeding. Indeed, Cook acknowledges that the State Court Action is affected by automatic stay inasmuch as the Motion to Remand or Abstain included a request for relief from the automatic stay. Because no order has been entered terminating the stay as to the State Court Action, the time period contained in subsection (B) of Rule 9027(a)(2) has yet to expire. *See In re Passodelis,* 234 B.R. 52, 59 (Bankr.W.D.Pa. 1999) ("'As long as the stay remains in effect *there is no*

6

*reason to impose a time limit for removal* to the bankruptcy court, and, therefore, clause (B) of subdivision (2)(a) provides that a removal application may be filed within 30 days of entry of an order terminating the stay.'") (quoting Fed.R.Bankr.P. 9027 advisory committee's note, 11 U.S.C.A. (West 1984)); 10 Collier on Bankruptcy, ¶ 9027.05[1] ("As long as the stay remains in effect, there is no reason to impose a time limit for removal to the district court."). The Court, therefore, finds, that despite the long time lapse between the filing of the bankruptcy petition and the Notice of Removal, the Notice of Removal nevertheless falls within the time limits contained in subsection (B) of Rule 9027(a)(2), Fed.R.Bankr.P.

However, to the extent the State Court Action includes counterclaims raised by Jeffery Potter, those actions are not subject to the automatic stay, and the removal of such causes of action is untimely, having occurred well after the time limits contained in clauses (A) and © of subsection (a)(2) of Rule 9027, Fed.R.Bankr.P. *See In re Jandous Elec. Const. Corp.,* 106 B.R. 48, 50 (Bankr.S.D.N.Y. 1989) (stating that "[i]f an automatic stay under 11 U.S.C. § 362 is not involved, the applicant for removal has a fixed 90-day period after the commencement of the voluntary bankruptcy case within which to apply for the removal of a civil proceeding. . . " and finding that the debtor could not "use the automatic stay as a sword when the debtor is a plaintiff in a pending nonbankruptcy suit."); 10 Collier on Bankruptcy ¶ 9027.05[1] (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. Rev. 2006) ("If . . . the pending litigation is not stayed by section 362(a), such as when the debtor was the plaintiff, the notice of removal must ordinarily be filed within 90 days of the order of relief.").

California Trust also asserts a timeliness argument, claiming that the Motion to Remand or Abstain was untimely since it was filed more than thirty days after the Notice of Removal was

7

served.² Neither Rule 9027, Fed.R.Bankr.P., nor 28 U.S.C. § 1452(b) contains a time limit for filing a motion to remand a case that has been removed pursuant to 28 U.S.C. § 1452(a) and Rule 9027, Fed.R.Bankr.P. *See* 10 Collier on Bankruptcy, ¶ 9027.09 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006) (noting that "no time limit is contained either in section 1452 or Rule 9027 for a motion to remand . . . . [but] that the courts will impose a requirement of promptness if the possibility of remand is not to be waived."). The Court finds that the Motion to Remand or Abstain was timely. Moreover, even if the general federal remand statute were to apply³, the Motion to Remand or Abstain was timely. Section 1447(b) of Title 28, pertaining to remand of actions removed pursuant to 28 U.S.C. §1441, provides, in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the *filing* of the notice of removal under section 1446(a).
>
> 28 U.S.C. § 1447© (emphasis added).

The Notice of Removal, though it contains a certificate of service indicating that it was sent to all parties on May 23, 2006, was not filed with the Court until June 5, 2006. Thus, the Motion to Remand or Abstain, filed June 30, 2006, complies with the time limit contained in 28 U.S.C. § 1447©.

Having found that neither the removal process nor the timing of the filing of the Motion

---

²The Notice of Removal contains a certificate of service reciting that a copy of the Notice of Removal was sent by mail, fax or e-mail to counsel for Cook on May 23, 2006.

³*See Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324 (10th Cir. 1994) (noting that "'the provisions of sections 1441-1447 were never meant to be read into the procedures for bankruptcy removals . . .'" (quoting *Pacor, Inc. v. Higgins (In re Pacor, Inc.),* 743 F.2d 984, 992 (3rd Cir. 1984), but concluding that because § 1447© requires remand based on lack of subject matter jurisdiction, it covers different contingencies than § 1452(b) so that § 1447© should apply to cases removed pursuant to § 1452(a) as well as cases removed pursuant to § 1441(a)).

8

to Remand or Abstain is sufficient to dispose of the Motion to Remand or Abstain, the Court will consider whether other equitable considerations are present sufficient to warrant remand under 28 U.S.C. § 1452(b). Because remand under 28 U.S.C. § 1452(b) can be based on "any equitable ground" courts often apply the standards applicable to the abstention statute when considering whether remand is appropriate.[4]  Abstention is governed by 28 U.S.C. § 1334©, which provides:

> (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.
>
> 28 U.S.C. § 1334(c)(1) and (2).

Section 1334(c)(2) addresses situations where the court must abstain, and pertains only to non-core proceedings, whereas § 1334(c)(1) allows for permissive abstention from either core or non-

---

[4]*See, e.g., Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 775 (10th Cir. BAP 1997) (finding that if abstention is required under 28 U.S.C. § 1334(c)(2), a court should remand the matter to state court); *In re Premier Hotel Development Group,* 270 B.R. 243, 258 (Bankr.E.D.Tenn. 2001) ("'The presence of factors suggesting discretionary abstention pursuant to 1334(c)(1) and factors requiring mandatory abstention under 1334(c)(2) provides ample equitable grounds for remand of the lawsuit to state court.'") (quoting *Roddam v. Metro Loans, Inc. (In re Roddam),* 193 B.R. 971, 981 (Bankr. N.D.Ala. 1996)(citation omitted)); *Ernst & Young, LLP v. Devan (In re Merry-Go-Round Enterprises, Inc.),* 222 B.R. 254, 256 (D.Md. 1998) (noting that "[s]ome courts have conflated the concepts of abstention and remand . . . . virtually the same (if not identical) factors have emerged for judging the propriety of permissive abstention under § 1334(c)(1) as have been articulated for deciding the propriety of a remand under § 1452(b).").

9

core matters when abstention best serves the interest of justice, judicial economy, or respect for state law. *See In re Premier Hotel Development Group,* 270 B.R. 243, 250 (Bankr.E.D.Tenn. 2001) ("Mandatory abstention does not apply to core proceedings . . . "); *In re Best Reception Systems, Inc.,* 220 B.R. 932, 952 (Bankr.E.D.Tenn. 1998) ("[P]ermissive abstention applies to both non-core related and core proceedings.") (citing *Gober v. Terra + Corp. (In re Gober),* 100 F.3d 1195, 1206 (5th Cir. 1996) (remaining citations omitted).

"Core" proceedings are proceedings which involve rights created by bankruptcy law, or which would only arise within a bankruptcy proceeding. *Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1518 (10th Cir. 1990) ("Core proceedings are proceedings which have no existence outside of bankruptcy.") (citation omitted); 28 U.S.C. § 157(2)(A) - (O) (listing matters included within core proceedings). "Non core" proceedings do not invoke substantive rights created by bankruptcy law, and can exist independent from the bankruptcy. *Wood v. Wood (In re Wood),* 825 F.2d 90, 97 (5th Cir. 1987). The bankruptcy court has jurisdiction over non-core proceedings when they are related to the bankruptcy in that they could conceivably have an effect on the bankruptcy estate. *Gardner,* 913 F.2d at 1518 ("the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.") (citing *Pacor,* 743 F.2d at 994 ("[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.")).

The State Court Action is not a "core" proceeding. The claims raised in the State Court Action were filed against limited liability companies and Jeffery Potter. The claims raised in

10

the State Court Action do not involve substantive rights created under the Bankruptcy Code. Moreover, Jeffery Potter, the Debtor in the associated bankruptcy proceeding, has transferred all of his interests in his various limited liability companies (which are parties to the State Court Action) to the California Trust. California Trust asserts that Jeffery Potter is a beneficiary of the California Trust, and, therefore, the funds which are held by the receiver in connection with the State Court Action, if recovered, can be used to pay administrative expenses of the bankruptcy estate. This argument fails to recognize that, although Potter may be a beneficiary of the California Trust, all of his interests in the various entities have been transferred to the California Trust, and the action initiated by the debtor-in-possession to recover all assets that were transferred to the California Trust has been dismissed. *See* Adversary No. 05-1151. Thus any personal interest Jeffery Potter may have in the funds held by the receiver in the State Court Action is too attenuated to establish core jurisdiction as a matter concerning the administration of the bankruptcy estate. *See* 28 U.S.C. § 157(b)(2)(A) ("Core proceedings include . . . matters concerning the administration of the estate."). Moreover, the limited liability companies that are parties to the State Court Action are separate entities from the Debtor, Jeffery Potter. At best, the Court has related-to jurisdiction over the State Court Action as a non-core proceeding, since it is conceivable that the outcome of the State Court Action could have an effect on the bankruptcy proceeding.

In further support of its Motion, Cook points out that the counterclaims asserted by Jeffery Potter and Summit Valdes as part of the State Court Action were dismissed with prejudice by the state court prior to the filing of the bankruptcy proceeding. California Trust counters that the time for filing an appeal of that decision has been tolled during the pendency of the bankruptcy proceeding by applicable federal law. The State Court Dismissal Order was

11

entered April 19, 2005, and contained a certification by the district court for interlocutory appeal. As of the filing of the bankruptcy proceeding on May 19, 2005, no notice of appeal of the State Court Dismissal Order had been filed.

Under the Bankruptcy Code, if a deadline has not expired as of the filing of the petition, a debtor is given additional time within which to commence or file certain matters, including the filing of a notice of appeal. *See Autoskill Inc. v. National Educational Support Systems, Inc.,* 994 F.2d 1476, 1483 n.3 and 1484 (10th Cir. 1993) ("108(b)'s sweeping language 'includes the filing of a notice of appeal.'" (quoting *Production Credit Ass'n v. Burk,* 427 N.W.2d 108, 110 (N.D. 1988) and noting that state courts have interpreted § 108(b)(2) as extending the unexpired time limit for filing notices of appeals to sixty days). Section 108(b) provides, in relevant part:

> if applicable nonbankruptcy law . . . fixes a period within which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee[5] may only file, cure, or perform, as the case may be, before the later of --
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2) 60 days after the order of relief.

11 U.S.C. § 108(b).

More than sixty days have passed since the order for relief. *See* 11 U.S.C. § 301. Thus, even if the Court were to assume that the appeals period had not expired as of the petition date[6], the

---

[5] A debtor-in-possession in a Chapter 11 proceeding is granted the rights of a trustee. 11 U.S.C. § 1107.

[6] Because the State Court Dismissal Order was certified by the trial court for interlocutory appeal, the deadline for filing a notice of appeal expired long before the date of the filing of the bankruptcy petition. *See* N.M.S.A. 1978 § 39-3-4 (Repl. Pamp. 2006) (for interlocutory orders that the district court judge believes involve "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order or

12

additional time afforded by 11 U.S.C. § 108(b)(2) has expired. The grace period in 11 U.S.C. § 108(b)(1) offers the Debtor no more than would otherwise be available to him under applicable state law if this adversary proceeding were remanded. And because the counterclaims which are the subject of the State Court Dismissal Order were untimely removed to this Court pursuant to Rule 9027, Fed.R.Bankr.P., the fact that the State Court Dismissal Order may remain subject to appeal fails to support California Trust's argument that this Court should retain this adversary proceeding. *See* Rule 9027. To the contrary, the fact that the State Court Action may involve an appeal provides further support for remand out of respect for state law and state law process for appeals.

Because this is a non-core proceeding, mandatory abstention factors may be relevant to the determination of whether remand is appropriate.[7] Under the mandatory abstention statute, the following factors must be shown: 1) the motion to abstain was timely; 2) the action is based

---

decision may materially advance the ultimate termination of the litigation," the aggrieved party may file an application for interlocutory appeal with the court of appeals within fifteen days after entry of the order.); *Candelaria v. Middle Rio Grande Conservancy Dist.,* 107 N.M. 579, 581, 761 P.2d 457, 459 (N.M. App. 1988) ("Neither the statute nor rules authorize this court to entertain late applications for interlocutory appeals or extensions of time for filing late applications. Absent statutory authority or supreme court rule, appellate courts may not extend the time for appeal, even to relieve against mistake, inadvertence or accident.") (citations omitted). However, because the trial court retains jurisdiction over matters when the court of appeals denies an untimely application for interlocutory appeal, "in appropriate circumstances, the district [trial] court may reconsider the issue and enter a second interlocutory order from which application for a timely interlocutory appeal may be made." *Id.* Alternatively, because the State Court Dismissal Order was not treated as a final order, it may be possible to file a timely notice of appeal once it becomes a final order. *See* N.M.S.A. 1978 § 39-3-2 (Repl. Pamp. 2006) (the deadline for filing a notice of appeal of a final order or judgment is thirty days from the entry of the order or judgment).

[7]As discussed in *Midgard Corp.,* 204 B.R. at 774 - 775 , there is some disagreement among courts as to whether abstention may apply to proceedings removed to bankruptcy court. The Tenth Circuit Bankruptcy Appellate Panel concluded that if abstention is required, a court may remand in accordance with 28 U.S.C. § 1452(b). *Id.* at 775. *See also, Allen v. J.K. Harris & Co., LLC,* 331 B.R. 634, 639 (E.D.Pa. 2005) (same).

13

on state law; 3) an action has been commenced in state court; 4) the action can be timely adjudicated in state court; 5) there is no independent basis for federal jurisdiction other than the bankruptcy; and 6) the matter is non-core. *See Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 776-778 (10th Cir. BAP 1997)(discussing each element enumerated in 28 U.S.C. § 1334(c)(2)); *Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 640 (E.D.Pa. 2005). Elements 1), 2), 3), and 6) have already been established: Cook timely filed the Motion; the State Court Action raises causes of action based on state law; the State Court Action was commenced prior to the filing of the bankruptcy proceeding; and the State Court Action is non-core because it does not evoke substantive rights available under the Bankruptcy Code. With regard to element 5), the plaintiffs and initial defendants to the State Court Action are all New Mexico entities or citizens of New Mexico, such that no federal diversity jurisdiction exists under 28 U.S.C. § 1332(a). The California Trust may not be a citizen of the state of New Mexico for purposes of the federal diversity jurisdiction statute, but because complete diversity is not present, the Court finds that there is no independent source of federal jurisdiction other than the bankruptcy. *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d. 274 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."); *Lee v. Navarro Sav. Ass'n,* 597 F.2d 421 (5th Cir. 1979), *aff'd,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (citizenship of trustees of trust, as real parties in interest, rather than beneficiaries of trust determined diversity of citizenship). Element 5) of the mandatory abstention factors is therefore satisfied.

At the final hearing on the Motion, California Trust argued that the State Court Action cannot be timely adjudicated in state court because the judge assigned to the State Court Action has a very heavy docket that includes criminal proceedings and because the state court judge has

14

no law clerks to assist him. Argument before the Court does not constitute evidence. *See In re Wallace,* 298 B.R. 435, 441 (10th Cir. BAP 2003), *aff'd,* 99 Fed.Appx. 870 (10th Cir. 2004) ("Opening statements are not evidence.")(citing *Exeter Bancorporation, Inc. v. Kemper Sec. Group, Inc.*, 58 F.3d 1306, 1312 n. 5 (8th Cir.1995) (quoting *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir.1994), for the proposition that " '[s]tatements of counsel are not evidence' and do not create issues of fact." ))(remaining citations omitted). There is no evidence before the Court that the State Court Action cannot be timely adjudicated by the state court or that remand will cause undue delay that might impair the administration of the bankruptcy case. *Cf. Midgard,* 204 B.R. at 779 (noting that timely adjudication "is only one of several factors to be considered . . . and does not, taken alone, focus on the larger concern of whether the administration of the bankruptcy case would be impaired by adjudication in State Court.").

Even if all the elements for mandatory abstention are not fully satisfied, the Court finds ample grounds for remand under the permissive abstention standards. "[A] federal district court or bankruptcy court may find that remand is appropriate in a case removed on bankruptcy grounds whether it is "core" or "non-core" if there is any equitable ground for doing so." *Broyles v. U.S. Gypsum Co.,* 266 B.R. 778, 785 (E.D.Tex. 2001) (citations omitted). *See also, Best Reception Systems,* 220 B.R. at 952 ("[P]ermissive abstention applies to both non-core related and core proceedings.") (citations omitted). Several factors indicate that remand is appropriate.

First, Cook has not consented to the entry of final judgments by this Court in this non-core proceeding. *See Midgard,* 204 B.R. at 779, n.17. Second, the State Court Action has been pending for a significant period of time prior to the date the bankruptcy proceeding was filed. *See Premier Hotel Development,* 270 B.R. at 254 (noting that in determining whether allowing a

15

case to proceed in state court will adversely affect the administration of the bankruptcy case, courts consider the status of the proceeding in state court prior to removal, such as whether discovery has been commenced). *See also, Textron Inv. Mgmt. Co., Inc. v. Struthers Thermo-Flood Corp.,* 169 B.R. 206, 212 (D.Kan. 1994) (fact that case had been pending for over a year and a half prior to removal and fact that state court was already familiar with the issues served as equitable considerations dictating remand). Third, the State Court Action involves questions of non-bankruptcy, state law. *See In re Commercial Financial Services, Inc.,* 251 B.R. 414, 429 (Bankr.N.D.Okla. 2000), *reconsideration granted in part,* 255 B.R. 68 (Bankr.N.D.Okla. 2000) (the degree to which state law issues predominate is a factor relevant to the exercise of permissive abstention[8]). Fourth, the Court perceives a strong likelihood that the removal of this action was motivated by a desire to forum shop. Fifth, the State Court Action involves a majority of non-debtor parties. *Id.* And because the interests of Jeffery Potter in the limited liability companies have been transferred to the California Trust, the Debtor's interest in the State Court Action, despite the fact that he is a named defendant, is attenuated.

In addition, Defendants' failure to include a complete copy of the record of the State

---

[8]Other factors include:
(1) the effect that abstention would have on the efficient administration of bankruptcy estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the federal jurisdictional basis of the proceeding; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance of asserted "core" proceeding; (8) the feasibility of severing the state law claims; (9) the burden the proceeding places on the bankruptcy court's docket; (10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties; (11) the existence of a right to jury trial; and (12) the presence of nondebtor parties in the proceeding.

*Commercial Financial,* 251 B.R. at 429.

16

Court Action as required by Rule 9027, Fed.R.Civ.P.[9] can alone constitute sufficient grounds upon which to remand. *See Careertrack Seminars, Inc. v. Lomasney,* 150 B.R. 257, 258 (D. Colo. 1992) (concluding that the failure to comply with Rule 9027, Fed.R.Bankr.P. by not providing copies of all state court pleadings "is a fatal defect and requires remand."). *But see, Rowe v. Sea Products, Inc. (In re Talon Holdings, Inc.),* 221 B.R. 214, 218 (Bankr.N.D.Ill. 1998) (concluding that the procedural defect of failing to submit copies of all documents in the record of the state court proceeding should not, standing alone, ordinarily constitute grounds for remand).

Lastly, California Trust asserts that Cook has no standing to file a motion to remand because, as an individual, he is not a member of any of the limited liability companies named in the State Court Action. Consequently, the California Trust asserts that Cook lacked standing to initiate the State Court Action as a derivative action on behalf of the limited liability companies, and likewise lacks standing to seek remand.[10] Whether Cook had standing to initiate the State Court Action is best adjudicated by the state court. Whether Cook has standing to seek remand need not be addressed by this Court in determining whether remand is appropriate because

---

[9] Rule 9027(e)(2), Fed.R.Civ.P. provides:
> The district court or, if the case under the Code has been referred to a bankruptcy judge of the district, the bankruptcy judge, may require the party filing the notice of removal to file with the clerk copies of all records and proceedings relating to the claim or cause of action the court from which the claim or cause of action was removed.

Rule 9027(e)(2), Fed.R.Bankr.P.

[10] The standing argument is also raised as part of California Trust's motion to dismiss. (*See* Docket #4). California Trust's argument that the Motion to Remand or Abstain was untimely, discussed *supra.,* is also premised on its position that Cook lacks standing.

17

remand can be raised by the Court, *sua sponte*.[11] As discussed above, ample grounds exist upon which to base a determination to remand.

Based on the foregoing, the Court concludes that remand pursuant to 11 U.S.C. § 1452(b) is appropriate. An order granting the Motion to Remand or Abstain and remanding this proceeding to the First Judicial District Court will be entered in accordance with this Memorandum Opinion.

                                             MARK B. McFEELEY
                                             United States Bankruptcy Judge

COPY TO:

| | |
|---|---|
| Grey Handy | Yvette J. Gonzales |
| Attorney for Richard P. Cook | Chapter 7 Trustee |
| PO Box 669 | PO Box 1037 |
| Santa Fe, NM 87501-0669 | Placitas, NM 87043 |
| | |
| Jeffery W. Potter | David Thuma |
| PO Box 8280 | Attorney for Chapter 7 Trustee |
| Santa Fe, NM 87504 | 500 Marquette Ave. NW, Suite 650 |
| | Albuquerque, NM 87102 |
| | |
| Martin S. Friedlander | |
| Trustee of California Trust | Daniel J. Behles |
| 10350 Wilshire Blvd Ste 603 | Attorney for Debtor |
| Los Angeles, CA 90024-4717 | 226-A Cynthia Loop NW |
| | Albuquerque, NM 87114 |

---

[11] Both remand pursuant to 28 U.S.C. § 1452(b) and permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) can be raised by the Court *sua sponte*. *Smith v. Wal-Mart Stores, Inc.,* 305 F.Supp.2d. 652, 658 n.9 (S.D.Miss. 2003) ("Although mandatory abstention requires that a timely motion be made by a party, *see* 28 U.S.C. § 1334(c)(2), permissive or discretionary abstention under § 1334(c)(1) may be raised by the court sua sponte . . . as may equitable remand under § 1452(b), which imposes no requirement of a motion by a party.") (citing *Gober,* 100 F.3d at 1207, n. 10); *Scherer v. Carroll,* 150 B.R. 549, 552 (D.Vt. 1993) (". . . abstention and remand may be addressed sua sponte by the Bankruptcy Court.")(citation omitted).

18